IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE SPIRO,

       Plaintiff,                    No. CIV S-05-2038 MCE JFM PS

    vs.

MARIAN R. OTA, in his capacity
as Appeals Team Manager,
Internal Revenue Service,

       Defendant.                FINDINGS AND RECOMMENDATIONS
_____/

         Defendant's motion to dismiss this action on the grounds of sovereign immunity came on regularly for hearing February 23, 2006. Plaintiff appeared telephonically in propria persona. Justin S. Kim, Trial Attorney, Tax Division, U.S. Department of Justice, appeared telephonically for defendant. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

         On October 11, 2005, plaintiff filed a document entitled "Petition for Review of Determination of Internal Revenue Service Office of Appeals." Plaintiff seeks review of the Internal Revenue Service Notice of Determination that plaintiff is responsible for filing an income tax return and to pay income taxes for 2001. That Notice of Determination was dated

1

1  September 8, 2005, and is attached to plaintiff's complaint at pages 18-19.  Plaintiff argues that
2  this matter concerns an employment tax, not federal income tax.  Defendant disagrees.
3  Defendant asserts the proper party to this action is the United States.  The
4  remedies sought in the complaint (i.e., the abatement of collection actions, release of federal tax
5  liens) indicate that this action is against the United States, regardless of how it is styled.  See
6  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).  Plaintiff has not
7  alleged personal actions by the manager that fall outside the scope of his employment.  A lawsuit
8  brought against a federal employee, acting within his official capacity, is essentially a suit against
9  the United States.  Hawaii v. Gordon, 373 U.S. 57 (1963); Gilbert v. DaGrossa, 756 F.2d 1455,
10 1458 (9th Cir. 1985).  Good cause appearing, the United States will be substituted as the proper
11 party defendant.
12 The United States further contends this action should be dismissed on the grounds
13 of sovereign immunity.  It is well settled that the United States, as a sovereign, may not be sued
14 without its consent, and that the terms of its consent define the court's jurisdiction.  United States
15 v. Testan, 424 U.S. 392, 399 (1976) (citing United States v. Sherwood, 312 U.S. 584, 586
16 (1941)).  Where the United States has not consented to suit, the court lacks jurisdiction over the
17 subject matter of the action and dismissal is required.  Hutchinson v. United States, 677 F.2d
18 1322, 1327 (9th Cir.1982) (citations omitted).  The burden is on the taxpayer to find and prove an
19 "explicit waiver of sovereign immunity." Lonsdale v. United States, 919 F.2d 1440, 1444 (10th
20 Cir.1990).  Waivers of sovereign immunity "must be explicitly expressed," and "must be strictly
21 construed in the favor of the sovereign and may not be extended beyond the explicit language of
22 the statute." Fostvedt v. United States, 978 F.2d 1201, 1202-03 (10th Cir.1992) (citing
23 Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983); See Gilbert v. DaGrossa, 756 F.2d 1455,
24 1458 (9th Cir.1985).
25 Plaintiff argues that the government has waived sovereign immunity pursuant to
26 26 U.S.C. § 6330 (the district court has jurisdiction to hear and decide appeals from Collection

Due Process hearings "if the Tax Court does not have jurisdiction of the underlying tax liability.")  However, plaintiff's assertion that this matter concerns an employment tax rather than federal income tax is contradicted by the attachment to plaintiff's complaint.  The "Notice of Determination" appended to plaintiff's complaint discusses the IRS' proposed collection actions for a federal income tax obligation for the year 2001.  Although plaintiff cites various statutes, he has provided no evidence in support of his position that this matter concerns an employment tax rather than a federal income tax.  Generally a plaintiff's allegations are accepted as true in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1).  However, where those allegations are contradicted by facts established by exhibits attached to the complaint, they may be disregarded.  See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Federal income tax liability falls exclusively within the jurisdiction of the United States Tax Court.  See 26 U.S.C. § 7442.

      The Notice of Determination put plaintiff on notice that if he wanted to dispute the Notice of Determination, he was required to file a petition with the United States Tax Court for a redetermination within thirty days from the date of the Notice of Determination.  (Complaint, at 18.)  It appears plaintiff failed to do so.  Thus, this court lacks subject matter jurisdiction as to matters related to the plaintiff's underlying federal income tax liability.  Because the Tax Court has exclusive jurisdiction over this matter, the court may not exercise jurisdiction under 26 U.S.C. § 6330.

      Based on plaintiff's complaint, this court concludes there is no waiver of sovereign immunity in this action.  Therefore, this court lacks subject matter jurisdiction and the complaint against the United States should be dismissed.

      IT IS HEREBY ORDERED that:

      1. The United States is substituted as the named defendant in this case; the Clerk of the Court is directed to amend the caption of this case to reflect the United States as the sole named defendant in this action; and

2. The status conference set for February 23, 2006 is vacated. This date will be reset, if appropriate, following the district court's consideration of these findings and recommendations.

IT IS HEREBY RECOMMENDED that the United States' December 28, 2005 motion to dismiss be granted, and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2006.

UNITED STATES MAGISTRATE JUDGE

001;spirotax.mtd